[Civ. No. 2735. Second Appellate District, Division One.—March 19, 1920.]

## GEORGE H. GILLONS, Respondent, v. TURNER OIL COMPANY (a Corporation), Appellant.

[1] BROKER'S COMMISSIONS—REPRESENTATIONS AS TO QUALITY OF OIL TO BE PRODUCED—MEANS OF KNOWLEDGE—FRAUD.—In an action to recover a commission as broker for services rendered to defendant in procuring an oil contract, fraud in avoidance of the contract to pay the commission cannot be predicated upon a statement of the broker that the oil to be produced from certain wells subsequent to the making of such contract, when delivered, would not contain more than a given per cent of nonpetroleum substance, such statement being but the expression of an opinion, where the defendant knew that the broker was without means of information enabling him to make such representation as an existing fact.

[2] ID.—NONRELIANCE ON REPRESENTATIONS—WAIVER OF CONDITION AS TO QUALITY OF OIL.—Where, notwithstanding the representations of the broker that the oil to be produced would not contain more than a given per cent of nonpetroleum substance, the contract between defendant and the producing oil company contained no provision to the effect that the oil to be delivered thereunder should not contain more than such given per cent of nonpetroleum substance, and the contract between the broker and defendant, wherein the latter agreed to pay the former a given commission in consideration of his having procured that particular oil contract, contained no such provision, the fact that the oil delivered contained more than such given per cent of nonpetroleum substance would not constitute a defense to an action by the broker to recover the agreed commission. (Opinion of supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of Los Angeles County. Dana R. Weller, Judge. Affirmed.

The facts are stated in the opinion of the court.

William H. Fuller and Earl L. Wisdom for Appellant.

Bordwell & Mathews for Respondent.

1. What statements are fact and what opinion, notes, 1 Ann. Cas. 980; 35 L. R. A. 435.

SHAW, J.—Action to recover a commission as broker for services rendered to defendant in procuring an oil contract.

Judgment went for plaintiff, from which defendant appeals.

The material facts, as they appear from the verified complaint, are: That defendant, on January 31, 1917, made a written contract with the Graham-Loftus Oil Company for the purchase of certain crude oil to be delivered in monthly quantities during the year ending January 31, 1918, as therein specified. On the same date with this contract defendant made and delivered to plaintiff the contract therein sued upon, wherein, after reciting the making of the contract with the Graham-Loftus Oil Company and that plaintiff had rendered certain services to defendant in obtaining the same, it promised and agreed in express terms to pay him six cents per barrel for all the crude oil delivered to defendant by the Graham-Loftus Oil Company under and pursuant to the contract therefor, which payments were to be based upon and determined by monthly settlements had between defendant and the Graham-Loftus Oil Company for oil so delivered; that between the first day of August and the twenty-eighth day of September, 1917, the defendant, as shown by statements rendered, received from said Graham-Loftus Oil Company 19,808.45 barrels of crude oil, delivered to it by the Graham-Loftus Oil Company pursuant to the terms of said oil contract, for which it made payment; that by reason whereof defendant became obligated under its agreement with plaintiff to pay him $1,-188.50, all of which sums remain due and unpaid; none of which material facts is denied by the answer.

As a defense, the answer affirmatively alleged that plaintiff and his partner, one Treat, represented to defendant that the oil to be delivered by the Graham-Loftus Oil Company pursuant to the contract therefor did not and would not when delivered contain more than two per cent of nonpetroleum substance, whereas all the oil so contracted to be delivered by the vendor contained more than five per cent of such substance, which, and the fact that said oil would contain such substance in excess of two per cent, was well known by plaintiff at the time of the execution of the contract made by defendant to pay him the commission, but

that, with intent to deceive defendant, he fraudulently concealed such knowledge from it, who, believing and relying upon the representations so made, was thereby induced to make the contract to pay him said commission.

The court sustained plaintiff's objections to proffered testimony in support of these allegations and this ruling constitutes the appellant's chief ground of complaint. Respondent argues, first, that plaintiff was not the vendor of the oil, but was defendant's broker in procuring the contract from the Graham-Loftus Oil Company. That the contract made with him recites the making of the oil contract and that as such broker he had rendered services to defendant in procuring this *particular contract,* for which, with full knowledge of the terms and conditions thereof, it without qualification agreed to pay him the commission. That the oil contract attached to and made a part of the complaint discloses no provision to the effect that the oil to be delivered thereunder, in quantities of ten thousand barrels per month and covering a period of twelve months, should not contain more than two per cent of nonpetroleum substance, but, on the contrary, it clearly appears therefrom that such oil would contain substance in excess of said percentage, in contemplation of which the contract provides that in estimating the net quantity of oil delivered each car should be inspected and in ascertaining the net quantity all nonpetroleum substance in excess of two per cent should be deducted therefrom. And hence, it is apparent that the representations, if made, were disregarded by defendant. Second, that the alleged representations by plaintiff, assuming them to have been made, were not as to existing facts, but were expressions of opinion as to a commodity to be produced in the future, the quality of which must have necessarily depended not only upon the character of the oil, as and when extracted from the bowels of the earth, but upon the treatment thereof by the vendor prior to its delivery.

We deem it unnecessary to discuss the first proposition, since, in our opinion, respondent's second contention must be sustained. [1] It appears from the contract made between the Graham-Loftus Oil Company and defendant that the oil made the subject thereof was not then produced, but was oil which the vendor as lessee was to receive as royalty during the period covered by the contract from its

lessee and to be produced and extracted from wells upon certain lands described in the contract. The representation alleged to have been made by plaintiff was that the oil so to be produced in the future "did not and would not, when delivered to defendant, contain two per cent nonpetroleum substance"; and that Charles H. Treat, alleged to have been a partner of plaintiff, represented to defendant that said oil "so sold and to be delivered was and would be at time of delivery clean and free from sediment or other nonpetroleum substance that might interfere with or prevent the refining thereof through the equipment and under the process and method then in use in the refining plant of said defendant," and that said Treat further represented to defendant "that he knew that none of said oil as and when delivered to defendant under the terms of the proposed contract of purchase would contain more than two per cent of nonpetroleum substance."

In so far as the representations applied to the then present condition of the oil to be extracted from the sands underneath the surface of the earth, it is apparent that no one could tell with any degree of certainty from day to day or month to month what its quality as produced would be as to content of water and other nonpetroleum substance. Defendant, who was engaged in the purchase of oil, must be deemed chargeable with notice of this obvious fact; and thus knowing that plaintiff and Treat were without means of information enabling them to make the representation as an existing fact, it could not, from the nature and physical circumstances of the case, be calculated to deceive it. Therefore, defendant was not justified in considering the statement other than as the expression of belief and opinion that the oil in place was of the quality stated. The alleged statement made by Mr. Treat was to the effect that the oil *when delivered* would not contain more than two per cent of nonpetroleum substance. This was the expression of an opinion in the nature of a prediction based upon what he believed was the quality of the oil in place of what he believed would be done by the vendor of the oil in extracting nonpetroleum substances therefrom before delivering the same. The alleged representation did not purport to be a statement of an existing fact, but one in the nature of a promise as to the character of oil which the

vendor would deliver, and this depended not only upon the purity of oil to be produced from the wells, but also upon the care and process of treatment given it prior to its delivery. Fraud in avoidance of a contract cannot be predicated upon such statements; and from the fact that defendant, in purchasing the oil from the Graham-Loftus Oil Company, contracted for oil containing in excess of two per cent of nonpetroleum substance, it is clear that it did not rely thereon in making its contract to pay plaintiff the commission.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 17, 1920, and the following opinion then rendered thereon:

THE COURT.—[2]   Without expressing any opinion upon the question of the correctness of the conclusion of the district court of appeal that fraud in avoidance of a contract cannot be predicated upon such statements as were alleged to have been made by Gillons and Treat, we are entirely satisfied that the judgment must be affirmed upon what is styled in the opinion the first proposition of the respondent in support of the judgment.

The application for a hearing in this court is denied.

All the Justices concurred.